THE STATE OF OHIO, APPELLEE, *v.* STEWART, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* HAMMOND, APPELLANT.

(Nos. CA-2704 and CA-2707—Decided October 9, 1980.)

*Mr. David E. Lighttiser,* prosecuting attorney, and *Mr. Stephen E. Schaller,* for appellee.

*Mr. James P. Carpenter,* for appellant Richard Stewart.

*Messrs. Morrow, Gordon & Byrd* and *Mr. James R. Cooper,* for appellant Phillip J. Hammond, Jr.

McKEE, J.   This is an appeal by defendants-appellants, Richard Stewart (case No. CA-2704) and Phillip J. Hammond, Jr. (case No. CA-2707), from their convictions and sentences for rape and felonious assault. The defendants' cases were consolidated for trial in the Court of Common Pleas of Licking County, and were also consolidated for purposes of appeal.

Both of the defendants herein were prisoners in the Lick-

ing County Jail on January 27 and January 28, 1980. The victim of the crimes for which defendants were convicted was a fellow prisoner on the second floor of such jail. At approximately 11:00 p.m. on January 27, 1980, both of the defendants herein, together with the victim and a fourth prisoner, who is not a party to this action, were locked in the same cell in the jail. Following such lock-in, the victim testified that both of the defendants participated in beatings upon his person and further forced the victim to perform anal and oral sex with both of the defendants as well as with the fourth prisoner.

The victim further testified that several of the beatings immediately preceded the acts of anal and oral sex, and that some of the beatings upon his person were after such sex had been completed. The victim further testified that, after completion of an act of oral sex upon each of the other three prisoners, he was thrown upon the floor of the cell and kicked by the prisoners until he passed out.

Both of the defendants herein took the stand and denied that any beatings or rapes took place within the cell as described by the victim.

The jury, upon consideration of the evidence, found each defendant guilty of one count of rape in violation of R. C. 2907.02, and of one count of felonious assault in violation of R. C. 2903.11. Based upon the verdict of guilty, the trial court sentenced each defendant to seven to twenty-five years upon the count of rape, and to five to fifteen years upon the count of felonious assault, and ordered both sentences to run consecutively. The court further granted credit for the time that both defendants had been incarcerated in the Licking County Jail awaiting trial of the charges.

After pronouncing the sentence, the trial judge did comment that, in determining the sentence, he had considered the course of conduct involved in the offenses, and that, further, the court believed that the defendants had deliberately and intentionally lied in the testimony presented to the jury.

Defendant Richard Stewart assigns the following errors:
*"Assignment of Error No. 1*

"The offenses of rape and felonious assault, contained in the indictment, constitute allied offenses of a similar import under Section 2941.25 *Ohio Revised Code,* and the failure of the trial court to sustain a motion requiring the state to elect

which count in the indictment upon which to proceed and dismiss the other count constitutes error.

*"Assignment of Error No. 2*

"The trial court violated appellant's right to due process by improperly considering the court's personal opinion that appellant intentionally and deliberately lied in his testimony on the merits of the case and by increasing the penalty imposed upon appellant because of such belief." (Emphasis *sic.*)

Defendant Phillip J. Hammond, Jr., assigns substantially the same two alleged errors.

As the assignments of error for both defendants are identical in substance, if not in form, the same will be considered together.

As to the first assignment of error, the defendants claim that the rape and felonious assault convictions violate R. C. 2941.25 in that the same are allied offenses of similar import. This court need not consider or decide such claim; as to support such a claim, the defendants must also show that the prosecution relied upon the same conduct to support both offenses. *State* v. *Logan* (1979), 60 Ohio St. 2d 126.

In determining whether the same conduct supports a conviction for both offenses, it is proper to consider whether the conduct was prolonged, whether the actions of the defendants were substantial, and whether the actions of the defendants subjected the victim to substantial risk of harm, separate and apart from the rapes. The record establishes that the conduct of the defendants was, in fact, prolonged and that a separate animus clearly existed with respect to the brutal assaults upon the victim and the separate anal and oral rapes. Further, the evidence in the record establishes that the assaults upon the victim were far in excess of those required to force the victim to submit to the sexual acts. See *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, certiorari denied (1980), 449 U. S. 879.

In the second assignment of error, the defendants indicate that had the trial judge not articulated his reasons for sentence, and had he not indicated with candor his beliefs as to the defendants' testimony, that there would be no basis to consider the sentences which were imposed. The defendants do submit, however, that since the trial judge *did* express his beliefs as to the defendants' testimony, the cases must be remanded for resentencing, in light of R. C. 2929.12 and the

court's decision in *State* v. *Jeffers* (1978), 57 Ohio App. 2d 107.

R. C. 2929.12 sets forth the factors that a trial judge may consider in imposing sentence for a felony. These factors include " * * * the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, * * * ." R. C. 2929.12(A).

In *State* v. *Jeffers, supra,* the Court of Appeals for Hamilton County, on May 31, 1978, remanded a case for resentencing based upon R. C. 2929.22(F) which provides that a fine imposed should not work an undue hardship on an indigent defendant. The case before that court involved a misdemeanor, for which the maximum fine was imposed, and the case was primarily remanded upon such basis.

In that case, also, the sentencing judge had stated that he did not believe the defendant's testimony. The act of such trial judge was assigned as additional error and was found to be improper by the Court of Appeals in that the court adopted the logic of the federal cases of *Scott* v. *United States* (C.A.D.C., 1969), 419 F. 2d 264, and *Poteet* v. *Fauver* (C.A. 3, 1975), 517 F. 2d 393. Not available to the Court of Appeals on such date was the decision of the United States Supreme Court in *United States* v. *Grayson* (1978), 438 U. S. 41, decided June 26, 1978. In that case, the Supreme Court considered the sentencing practice of a federal judge in which the judge, anticipating the possible consequences of the decisions in *Scott* and *Poteet,* specifically said that one of the elements he was considering in sentencing was that he felt the defense was fabricated. The Supreme Court, in considering the background of sentencing, the tradition with regard thereto, and the purposes of sentencing, rejected the logic in the *Scott* and *Poteet* cases and reversed the decision of the Court of Appeals, which had vacated the District Court's sentence.

The court noted that it has long been proper that the " * * * sentencing authority * * * consider * * * evidence heard during [the] trial, as well as the demeanor of the accused. * * * " *Grayson, supra,* at 50. The court further recognized that the defendant's truthfulness, or lack thereof, while testifying on his own behalf, is " * * * probative of his attitudes toward society and [his] prospects for rehabilitation * * * ." *Id.* Truthfulness, or the lack thereof, is, therefore,

relevant in sentencing; and, the judge should consider, or could consider, the same where he finds that the defendant's testimony is wilfully and materially false.

Under the applicable sections of the Ohio Revised Code, *e.g.,* R. C. 2929.12, evidence which is relevant toward the defendant's attitude toward society or his prospects for rehabilitation are to be considered by the trial judge in sentencing.

The Supreme Court further addressed the reasoning that considering the defendant's conduct might have a chilling effect upon his option as to whether to testify on his own behalf. The court properly noted that the defendant is guaranteed " * * * the right to testify truthfully in accordance with * * * [his] oath * * * " *id.,* at 54, that no constitutional right exists to permit the defendant to lie on the stand, and that there is no chilling effect as to his option.

It is appropriate to note that the law should and does encourage candor on the part of the trial judge, rather than promote hypocrisy by leaving unsaid the elements which should be and are considered in pronouncing a sentence. Accordingly, the defendants' second assignment of error is overruled.

For the reasons set forth, the assignments of error of both appellants are each overruled. No error prejudicial to appellants appearing, the sentences and judgments of the Court of Common Pleas of Licking County are affirmed.

*Judgments affirmed.*

PUTMAN, P. J., and RUTHERFORD, J., concur.