Van Voorhis, J.
(concurring). The defendant savings and loan association was authorized by section 400 (formerly § 409-a) of the Banking Law to retire plaintiff on a life pension of $150 per month, just as defendant's president informed plaintiff that the defendant had done. Defendant’s president said nothing to plaintiff about her pension being continued only at the pleasure of defendant’s board of directors. Defendant as a corporation is chargeable with the knowledge of its president that. plaintiff was informed that her pension was for life (Title Guarantee & Trust Co. v. Pam, 232 N. Y. 441, 453). With notice that plaintiff had been thus informed, defendant paid to plaintiff $150 per month during ten years after her retirement. By so doing, the corporation clearly ratified the action of defendant’s president in retiring her on a life pension. Ratification takes the place of an original resolution (Hoppe v. Russo-Asiatic Bank, 200 App, Div. 460, 464, affd. 235 N. Y. 37). Section 400 (formerly § 409-a) of the Banking Law contemplates a pension for life, and is actually in conflict with the secret proviso in the resolution that plaintiff’s allowance was to be limited by the pleasure of the board. In any event, however, this limitation in the formal resolution was superseded by ratification by defendant’s carrying out over a ten-year period the action of its president in dealing with plaintiff without mention of the proviso.
*894 Cohn, Callahan and Peek, JJ., concur in decision; Van Voorhis, J., concurs with opinion.
Judgment unanimously affirmed, without costs. No opinion. [See post, p. 997.]