■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALON EMERY DANIELS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Heller, J.), both rendered April 2, 1986, convicting him of robbery in the first degree (two counts; one as to each indictment), upon his pleas of guilty and sentencing him to concurrent indeterminate terms of from 4 to 8 years' imprisonment.

Ordered that the judgments are modified, on the facts, by reducing the sentences to concurrent indeterminate terms of from 2 to 6 years' imprisonment; as so modified, the judgments are affirmed.

The defendant accepted a plea bargain where he was promised concurrent indeterminate terms of from 2 to 6 years' imprisonment in return for his pleas of guilty to the top counts of two separate indictments. The court set forth a condition that the promised sentences would not be imposed, the defendant would not be permitted to withdraw the plea, and enhanced sentences would be imposed if the defendant's

description of the crimes in his allocution at the time of the pleas differed from what he would say to the Probation Department.

The defendant allocuted his guilt to two counts of robbery in the first degree but later told the Probation Department a story concerning one of the two events that indicated he had pleaded guilty because no one would believe that he was a nonparticipant. He did not seek to withdraw his pleas. Because of the defendant's breach of the condition, the court imposed an enhanced sentence of concurrent indeterminate terms of from 4 to 8 years' imprisonment.

While there is no question that the defendant understood the condition imposed and that he violated the condition, the nature of such violation is not one that relates directly to the sentencing function of the court. It was thus an abuse of discretion to increase the defendant's sentences on that basis alone *(see, People v Brunson,* 131 AD2d 689). Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.