■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE CARR, Appellant.—Appeal by the defendant from a sentence of the Supreme Court, Kings County (Heller, J.), imposed March 18, 1986, upon his conviction of robbery in the second degree, after a plea of guilty, the sentence being an indeterminate term of 3 to 9 years' imprisonment.

Ordered that the sentence is modified, on the law, and as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 1½ to 4½ years' imprisonment; as so modified, the sentence is affirmed.

The defendant was advised, during the plea allocution, that the court intended to sentence him to an indeterminate term of 1½ to 4½ years' imprisonment in return for his plea of guilty to the crime of robbery in the second degree. The court, however, warned the defendant that if the information he conveyed during the Probation Department interview was at variance with the facts recited at the allocution, he would be subject to an enhanced sentence of 3 to 9 years' imprisonment.

The defendant was ultimately found to have breached the foregoing condition and the court, pursuant to its prior admonition, sentenced the defendant to an indeterminate term of 3 to 9 years' imprisonment.

This court has previously determined that a condition which exposes a defendant to increased punishment in the event that his description of the crime at the allocution differs from the information imparted to representatives of the probation department, "is not one that relates directly to the sentencing function of the court" *(see, People v Daniels,* 132 AD2d 667; *see also, People v Brunson,* 131 AD2d 689). We therefore conclude that it was an abuse of discretion to increase the defendant's sentence due to his violation of this condition and that the sentence originally promised to the defendant should have been imposed.

Accordingly, the sentence is modified to the extent indicated herein. Mollen, P. J., Rubin, Eiber and Spatt, JJ., concur.