■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAFFAELE, Appellant. [605 NYS2d 405] —Appeal by the defendant from (1) a judgment of the Supreme Court, Richmond County (Garry, J.), rendered March 26, 1992, convicting him of criminal possession of stolen property in the third degree under Indictment No. 410/90, upon his plea of guilty, and sentencing him to an indeterminate term of 3 to 6 years imprisonment, and (2) a judgment of the same court, also rendered March 26, 1992, convicting him of bail jumping in the second degree under Indictment No. 207/91, upon his plea of guilty, and imposing sentence.

Ordered that the judgment imposed under Indictment No. 410/90 is modified, on the law, by reducing the sentence to an indeterminate term of 2 to 4 years imprisonment; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgment imposed under Indictment No. 207/91 is affirmed.

At the plea proceeding under Indictment No. 410/90, the court promised the defendant an indeterminate sentence of 2 to 4 years imprisonment. At the sentencing proceeding, after reviewing the defendant's probation report, which indicated that the defendant professed his innocence to his probation officer, the defendant was sentenced to an indeterminate term of 3 to 6 years imprisonment.

Assuming, arguendo, that the defendant asserted his innocence to the probation officer who prepared his pre-sentence report, this fact alone does not warrant additional punishment. It was an abuse of discretion to increase the defendant's sentence on that basis alone. The sentence under Indictment No. 410/90 originally promised to the defendant should have been imposed (see, People v Brunson, 131 AD2d 689; People v Daniels, 132 AD2d 667). Mangano, P. J., Bracken, Rosenblatt, Pizzuto and Joy, JJ., concur.