■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STENNETT, Appellant. [616 NYS2d 980] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Feinberg, J.), imposed June 30, 1992, upon his conviction of assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, the sentence being terms of imprisonment of 2⅓ to 7 years, 4 to 12 years, and 2⅓ to 7 years, respectively.

Ordered that the sentence is modified, on the law, by reducing the term of imprisonment imposed in connection with the defendant's conviction of criminal possession of a weapon in the second degree to 2⅓ years to 7 years; as so modified, the sentence is affirmed.

As part of a plea agreement, the court promised the defendant concurrent indeterminate terms of imprisonment of 2⅓ to 7 years in connection with the three counts to which he pleaded guilty. However, at sentencing, the court imposed a term of imprisonment of 4 to 12 years in connection with the

defendant's conviction of criminal possession of a weapon in the second degree because the defendant had allegedly asserted his innocence of that crime to the probation officer who prepared his presentence report.

As the People concede, the court improvidently exercised its discretion in imposing an enhanced sentence based solely upon the defendant's alleged assertions of innocence to the probation officer who prepared his presentence report (see, *People v Raffaele,* 199 AD2d 545; *People v Carr,* 135 AD2d 722, 723; *People v Daniels,* 132 AD2d 667; *People v Brunson,* 131 AD2d 689; *see also, People v Poole,* 202 AD2d 450; *People v Mojica,* 197 AD2d 642; *People v Prescott,* 196 AD2d 599, 600). Accordingly, the sentence is modified by reducing the term of imprisonment of 4 to 12 years to 2⅓ to 7 years as originally promised by the court as part of the plea agreement. Mangano, P. J., Thompson, Sullivan, O'Brien and Hart, JJ., concur.