■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GERENA, Appellant. [631 NYS2d 733] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered June 13, 1994, convicting him of burglary in the second degree, sexual abuse in the first degree, and petit larceny, upon his plea of guilty, and sentencing him to an indeterminate term of 6 to 12 years imprisonment for buglary in the second degree, to run concurrently with an indeterminate term of $3^{1}/_{2}$ to 7 years imprisonment for sexual abuse in the first degree, and concurrently with the determinate term of 1 year imprisonment for petit larceny.

Ordered that the judgment is modified, on the law, by reduc-

ing the sentence imposed for buglary in the second degree to an indeterminate term of 4 to 8 years imprisonment; as so modified, the judgment is affirmed.

At the plea proceeding on April 15, 1994, the court made a "conditional" promise to the defendant of an indeterminate term of 4 to 8 years imprisonment on the conviction of burglary in the second degree. The court, however, did not set forth any specific conditions of its sentencing promise. At the sentencing proceeding, the court refused to keep its promise, solely on the basis that the defendant professed his innocence of the charged crimes to the probation officer who prepared his presentence report. Even if the defendant asserted his innocence, as alleged, this fact alone does not warrant additional punishment. Therefore, the court improvidently exercised its discretion in imposing the enhanced sentence (see, e.g., People v Stennett, 207 AD2d 847; People v Raffaele, 199 AD2d 545; People v Daniels, 132 AD2d 667; People v Brunson, 131 AD2d 689). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.