[711 NYS2d 656]

The People of the State of New York, Respondent, v Michael Parker, Appellant.

Fourth Department, July 7, 2000

**APPEARANCES OF COUNSEL**

*Elizabeth Clarke, Public Defender's Office,* Rochester, for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester (*Robert Alan Mastrocola* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

██ ██ Defendants appeal from judgments of conviction entered upon their negotiated guilty pleas. The plea agreement in each case included a sentencing promise from County Court, conditioned upon the defendant's cooperating with the Probation Department in the preparation of a presentence investigation report and being truthful with the court and the Probation Department. On appeal, defendants challenge the enhancement of their sentences based upon their violation of one or more of those conditions. We conclude in all four cases that the violation of those conditions does not warrant the additional punishment imposed by the court.

## I

### *PEOPLE v PARKER*

Defendant agreed to enter an *Alford* plea (*see, North Carolina v Alford,* 400 US 25) to the charge of sodomy in the first degree (Penal Law § 130.50 [3]) with the understanding that he would receive a sentence of incarceration of 2 to 6 years. As part of the plea agreement, defendant signed a form entitled "Waiver of Rights by Pleading Guilty" (waiver form). In light of the *Alford* plea, the items containing admissions that defendant committed a crime and engaged in culpable behavior were

stricken from the waiver form. The waiver form states that defendant agrees to "cooperate with the Probation Department in the preparation of a Pre-Sentence Investigation Report" and "*truthfully* answer all questions asked of [him] by the Probation Department." The waiver form further provides that, if defendant fails to comply with the stated conditions, the sentencing court is not bound by any promises and defendant will not be permitted to withdraw the plea. During the plea proceeding, defendant acknowledged that he had read and understood the waiver form before signing it. Defendant also advised the court that he understood that part of the waiver form providing that he was waiving his right to appeal.

At sentencing, the prosecutor asked the court to impose the agreed-upon sentence. The court determined, however, that defendant had violated the conditions of the plea agreement requiring him to cooperate with the Probation Department in the preparation of a presentence investigation report and to answer truthfully the questions asked of him by the Probation Department. In making that determination, the court relied upon the following statement by the probation officer who prepared the presentence investigation report: "The defendant refused to discuss the offense. He stated because he entered an *Alford* Plea in court, he thought it would be inappropriate to discuss the details of the offense with this investigator." The court imposed a sentence of incarceration of 8⅓ to 25 years.

Following sentencing, defendant moved for resentencing, seeking a term of 2 to 6 years in accordance with the plea agreement. In an affidavit supporting the motion, defense counsel explained that, given the nature of an *Alford* plea, he had advised defendant not to discuss the details of the offense with the probation officer conducting the presentence investigation. The court denied the motion.

## PEOPLE v CAMPBELL

Defendant agreed to plead guilty to criminal sale of marihuana in the first degree (Penal Law § 221.55) and criminal possession of marihuana in the second degree (Penal Law § 221.25) with the understanding that he would receive a sentence of five years' probation. During the plea proceeding, the court advised defendant that its sentencing promise was conditioned, *inter alia*, upon defendant's answering the court's questions truthfully and answering the questions posed by the Probation Department truthfully during the course of the presentence investigation. The court further advised defendant

that, if he violated those conditions, the court would not keep its sentencing promise and defendant would not be permitted to withdraw the plea. Defendant acknowledged that he was waiving his right to appeal as part of the plea agreement. In response to the court's questions, defendant stated that he was satisfied with his attorney's advice and representation.

At sentencing, the court imposed a sentence of six months' incarceration in addition to the agreed-upon sentence of five years' probation. The court explained that the enhancement of the sentence was based upon the statement of defendant to the probation officer that his lawyer did not help him. Defense counsel objected to the enhanced sentence, contending that defendant had not lied to the court or the probation officer when he expressed his opinion concerning his attorney's services and that, in any event, such an expression of opinion is not a proper basis for enhancement of the sentence.

## PEOPLE v BRADSHAW

Defendant agreed to plead guilty to attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]) with the understanding that the court would impose a sentence of incarceration of 1⅓ to 4 years. During the plea proceeding, the court explained that its sentencing promise was conditioned upon, *inter alia*, defendant's answering the court's questions truthfully, cooperating with the presentence investigation and answering the probation officer's questions truthfully. The court also advised defendant that, if he violated any of those conditions, the court would not be bound by its sentencing promise and defendant would not be permitted to withdraw the plea. As part of the plea agreement, defendant also waived his right to appeal. During the factual allocution, defendant admitted that he sold several bags of cocaine to an undercover police officer.

At sentencing, the prosecutor asked the court to sentence defendant in accordance with the plea agreement. The court determined, however, that defendant violated the conditions of that agreement by failing to complete a drug and alcohol evaluation and in providing false accounts of the offense to the probation officer conducting the presentence investigation. Defendant acknowledged that he had been referred by the Probation Department for a drug and alcohol evaluation, but explained that the evaluation was delayed because he could not afford to pay for it. Defendant also admitted that he initially lied to the probation officer with respect to his commission of the crime,

but he ultimately told the probation officer that he sold cocaine to an undercover police officer. The court imposed a sentence of incarceration of 3 to 9 years.

## PEOPLE v SEOUD

Defendant agreed to plead guilty to burglary in the first degree (Penal Law § 140.30) with the understanding that he would receive a sentence of incarceration of 9 to 18 years. As part of the plea agreement, defendant signed the same waiver form used in *People v Parker*. The waiver form also includes an addendum, separately executed by defendant, his attorney and the court, stating that the plea could result in defendant's deportation. During the plea proceeding, the court reviewed the conditions of the plea agreement set forth in the waiver form, including the condition that defendant tell the truth to the court. The court warned defendant that if he failed to comply with those conditions it would not be bound by its sentencing promise and defendant would not be permitted to withdraw his plea. In response to questioning by the court, defendant indicated that he was satisfied with his lawyer's representation and that his guilty plea was not the product of force or threats. Defendant admitted to breaking into a house intending to steal money and beating the man who lived there. Defendant stated that he was intoxicated at the time of the burglary, having ingested alcohol and cocaine. Upon further inquiry by the court, defendant stated that he was not so intoxicated that he did not know what he was doing or that he was incapable of forming an intent to commit the crime.

Prior to sentencing, defendant moved to withdraw the plea. In an affidavit supporting the motion, defendant asserted that he was so intoxicated at the time of the burglary that he had no recollection of it, and that his description of the crime during the plea colloquy was provided by his attorney. Defendant further asserted that he agreed to plead guilty based upon his attorney's advice that he would receive the maximum permissible sentence of 12½ to 25 years if he proceeded to trial. In addition, defendant asserted that he was unaware at the time of the plea that he could be deported as a result of the plea and that he would not have agreed to plead guilty had he been informed that deportation was a possible consequence.

At sentencing, the court determined that defendant "waived his sentence promise by lying" in his affidavit. After noting that it "didn't like the plea bargain in the first place," the court imposed a sentence of incarceration of 12½ to 25 years.

## II

■ In each appeal, the defendant contends that the court improperly enhanced his sentence. At the outset, we reject the People's contention that the challenges of defendants to the enhancement of their negotiated sentences are encompassed by their waivers of the right to appeal (*cf., People v Perham,* 263 AD2d 766, *lv denied* 93 NY2d 1045). In the circumstances of these cases, the waivers do not encompass the contentions of defendants that the court improperly enhanced their sentences based upon their postplea conduct (*see, People v Miles,* 268 AD2d 489). In light of our resolution of those contentions, moreover, we do not address the issue whether the appeal waivers encompass defendants' alternative contentions that the enhanced sentences are unduly harsh or severe.

■ Our analysis is guided by an understanding that plea bargaining plays a vital role in the criminal justice system, and that "an integral part of the plea bargaining process is the negotiated sentence" (*People v Farrar,* 52 NY2d 302, 306). To say that plea bargaining relieves court congestion and conserves prosecutorial, judicial and penal resources is to understate its significance. Plea bargaining does not merely aid in the administration of criminal justice; it "literally staves off collapse of the law enforcement system" (*People v Selikoff,* 35 NY2d 227, 233, *cert denied* 419 US 1122; *see, People v Seaberg,* 74 NY2d 1, 7).

Plea bargaining also serves the ends of justice by enabling the court to impose an individualized sentence adapted to the circumstances of the defendant and the offense (*see, People v Selikoff, supra,* at 233-234). In fashioning such an individualized sentence, the court overseeing plea negotations has discretion to impose conditions upon its approval of the negotiated sentence (*see, People v Avery,* 85 NY2d 503, 507). In the exercise of that discretion, the court may impose a broad range of conditions on a sentencing promise. "Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery, supra,* at 507). At the same time, however, the imposition and enforcement of sentencing conditions must satisfy the requirements of due process (*see, People v Naranjo,* 89 NY2d 1047, 1049; *People v Outley,* 80 NY2d 702, 712) and "must not * * * 'amount to overreaching or a denial of a defendant's entitlement to fundamental fairness' " (*People v Grant,* 99 AD2d 536, quoting *People v Miller,* 79 AD2d 687, 688, *cert denied* 452 US 919).

Sentencing conditions that are typically imposed and that have been consistently upheld include requirements that the defendant appear for sentencing (*see, People v Figgins,* 87 NY2d 840, 841), complete a drug rehabilitation program (*see, People v Avery, supra,* at 507) and avoid being arrested between the plea and sentencing (*see, People v Outley, supra,* at 712). Courts have also approved the condition requiring the defendant to meet and cooperate with the Probation Department to enable the preparation of a presentence investigation report (*see, People v Caines,* 268 AD2d 790; *People v Yu,* 204 AD2d 129, 129-130, *lv denied* 84 NY2d 835). In addition, the Legislature has authorized the imposition of several conditions of probation as presentence conditions (*see,* CPL 400.10 [4]).

The conditions that have been expressly approved by the courts and the Legislature offer a sharp contrast to the conditions imposed upon defendants in these four appeals. A defendant's compliance with conditions requiring no arrests between the plea and sentencing, timely appearance for sentencing, completion of a drug rehabilitation program or attendance at a scheduled Probation Department interview can be objectively determined on the basis of verifiable conduct by the defendant. In other words, whether a defendant subject to those conditions was arrested, appeared on the scheduled sentencing date, completed a drug rehabilitation program or attended an interview with the Probation Department can be readily established based upon factual information provided to the court. Furthermore, due process permits the enhancement of a sentence based upon a defendant's violation of one or more of those conditions, provided that the court has assured itself that the factual information justifying its departure from the negotiated sentence is reliable and accurate (see, *People v Naranjo, supra,* at 1049; *People v Outley, supra,* at 712).

The conditions imposed in the four cases before us do not satisfy the requirements of due process because they permit the court to depart from a negotiated sentence based upon its subjective interpretation of a defendant's conduct rather than verifiable factual information. Reasonable minds could reach different conclusions regarding each defendant's compliance with the sentencing conditions imposed by the court. It is difficult, for example, to measure compliance with a condition requiring a defendant's cooperation with the Probation Department unless such cooperation is defined in terms of specific conduct. Similarly, the line separating assertions of fact from expressions of opinion is not always clear. As a result, whether

inconsistent statements constitute "lies" or merely shifting opinions is often a matter of subjective interpretation. Because compliance with the conditions imposed by the court in these four cases is open to such subjective interpretation, defendants did not have adequate notice of the conduct that would result in enhanced punishment (*see, People v Reyes,* 167 AD2d 920, 921, *lv denied* 77 NY2d 842; *cf., People v Cataldo,* 39 NY2d 578, 580; *People v James,* 251 AD2d 813, 815). Indeed, the imposition of those vague and imprecise conditions permits the sort of "arbitrariness or trifling with the legitimate expectations of pleading defendants" that must be avoided in the plea bargaining process (*People v Selikoff, supra,* at 240).

There is a further distinction between the conditions imposed on the negotiated sentences in these four cases and conditions that have received judicial and legislative approval. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction" (*People v Farrar, supra,* at 305). Requirements that the defendant appear for sentencing, complete a drug rehabilitation program or avoid arrest take into account the circumstances of the defendant's case and further the principal objectives of punishment, "i.e., societal protection, rehabilitation and deterrence" (*People v Farrar, supra,* at 305; *see, People v Patterson,* 106 AD2d 520, 521; *People v Suitte,* 90 AD2d 80, 83-84). The same cannot be said of conditions requiring truthful or consistent responses to questions posed by the court and the Probation Department. Thus, we agree with the long-standing view of the Second Department that such conditions do not relate to the sentencing function of the court and that the violation of such conditions does not warrant additional punishment (*see, People v Carr,* 135 AD2d 722, 723; *People v Daniels,* 132 AD2d 667, 668; *People v Brunson,* 131 AD2d 689, 690; *see also, People v Gerena,* 219 AD2d 734, 735; *People v Stennett,* 207 AD2d 847, 848; *People v Raffaele,* 199 AD2d 545).

We conclude, therefore, that the court improperly enhanced defendants' sentences. We further conclude that enforcement of the plea agreement and imposition of the negotiated sentence is the appropriate remedy in each case (*see, People v Nunez,* 248 AD2d 561; *People v Stennett, supra,* at 848; *People v Carr, supra,* at 723). None of these cases discloses any new facts to render improvident the sentences promised or to provide just cause for the failure of the court to honor its sentencing

promises (*see, People v Selikoff, supra,* at 240; *People v Jones,* 99 AD2d 1, 3-4). Although defendants Shawn Bradshaw and Elias Seoud failed to preserve for our review their challenges to the enhancement of their sentences (*see, People v Michael S.,* 273 AD2d 804; *People v Riggins,* 272 AD2d 893; *People v Wilson,* 257 AD2d 674, *lv denied* 93 NY2d 981), we conclude as a matter of discretion in the interest of justice that their sentences should be reduced to the agreed-upon terms.

We emphasize that our decision is compelled by the need to safeguard the integrity of the plea bargaining process. Plea bargains are attractive to defendants because of the "reasonable assurance of certainty" provided by the negotiated sentence (*People v McConnell,* 49 NY2d 340, 346). "[T]o the extent that the assurance of certainty is diluted the bargaining process becomes less acceptable to defendants, to the detriment of the criminal justice system as a whole" (*People v McConnell, supra,* at 346). In our view, the sentencing conditions imposed in these four cases dilute the assurance of certainty and transform the plea bargaining process into precisely the type of gamble that a pleading defendant seeks to avoid. We disapprove of the enhancement of these sentences, therefore, not merely to protect the expectations of these defendants but to maintain confidence in the plea bargaining process itself.

Accordingly, in the case of *People v Parker,* the judgment should be modified by vacating the sentence and imposing the bargained-for sentence of incarceration of 2 to 6 years. In *People v Campbell,* the judgment should be modified by vacating the sentence and imposing the bargained-for sentence of five years' probation. In *People v Bradshaw* the judgment should be modified by vacating the sentence and imposing the bargained-for sentence of incarceration of 1⅓ to 4 years. In *People v Seoud,* the judgment should be modified by vacating the sentence and imposing the bargained-for sentence of incarceration of 9 to 18 years.

Green, J. P., Hayes, Kehoe and Lawton, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed in accordance with the Per Curiam opinion.

The People of the State of New York, Respondent, v Noel Campbell, Appellant.—Judgment unanimously modified,

on the law, and, as modified, affirmed in accordance with the same Per Curiam opinion as in *People v Parker* (271 AD2d 63 [decided herewith]). Present—GREEN, J. P., HAYES, KEHOE and LAWTON, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BRADSHAW, Appellant.—Judgment unanimously modified, as a matter of discretion in the interest of justice, and, as modified, affirmed in accordance with the same Per Curiam opinion as in *People v Parker* (271 AD2d 63 [decided herewith]). Present—GREEN, J. P., HAYES, HURLBUTT and KEHOE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS SEOUD, Appellant.—Judgment unanimously modified, as a matter of discretion in the interest of justice, and, as modified, affirmed in accordance with the same Per Curiam opinion as in *People v Parker* (271 AD2d 63 [decided herewith]). Present—PIGOTT, JR., P. J., GREEN, HAYES and HURLBUTT, JJ.