■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE HICKS, Appellant. [732 NYS2d 613] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted, upon a plea of guilty, of two counts of rape in the first degree (Penal Law § 130.35 [3]) and was sentenced to consecutive indeterminate terms of incarceration of 10 to 20 years. Although as part of the plea agreement defendant was promised consecutive indeterminate terms of 3 to 6 years, County Court imposed an enhanced sentence based upon defendant's failure to provide truthful responses to the questions of the probation officer who prepared the presentence investigation report. That was error. Initially, we reject the People's contention that this issue concerning defendant's post-plea conduct does not survive defendant's waiver of the right to

appeal (*see, People v Parker*, 271 AD2d 63, 68, *lv denied* 95 NY2d 967). We conclude that the court improperly enhanced defendant's sentence in this case (*see, People v Parker, supra*, at 69-70; *see also, People v Burns*, 279 AD2d 586, 587). Thus, we modify the judgment by vacating the sentence and imposing the bargained-for sentence of incarceration of two consecutive terms of incarceration of 3 to 6 years. (Appeal from Judgment of Monroe County Court, Bristol, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.