■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIANA COPELAND, Appellant. [732 NYS2d 393] —Judgment unanimously affirmed. Memorandum: The waiver by defendant of the right to appeal does not encompass her contention that County Court erred in imposing an enhanced sentence based upon her postplea conduct (*see, People v Hicks*, 288 AD2d 882 [decided herewith]; *People v Parker*, 271 AD2d 63, 68, *lv denied* 95 NY2d 967). Defendant, however, failed to object to the enhanced sentence or to seek to withdraw her plea or vacate

the judgment of conviction. Thus, her challenge to the enhancement of her sentence is not preserved for our review (*see,* CPL 470.05 [2]; *People v Perry,* 252 AD2d 990, *lv denied* 92 NY2d 929), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Because the court failed to advise defendant of the potential periods of incarceration that could be imposed if she violated the conditions of the plea agreement, her waiver of the right to appeal also does not encompass her challenge to the severity of the enhanced sentence (*see, People v Barker,* 266 AD2d 846). We conclude, however, that the enhanced sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.