■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WILLIAMS, Appellant. [792 NYS2d 726]—

Peters, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered January 23, 2004, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and assault in the second degree.

On April 30, 2003, defendant sold a quantity of cocaine to an undercover police officer. At the time of the sale, defendant and the police officer were located in front of a residence in the City of Schenectady, Schenectady County. Immediately thereafter, Michael Brown, a detective with the Schenectady Police Department, rang the doorbell of the residence. Codefendant Elizabeth Brooks, who answered the door, told him that only her son was inside. According to Brown, Brooks permitted him to enter the residence. Brown found defendant in a hallway, told him that he was a police officer and defendant ran onto a back porch. When Brown grabbed defendant, he punched Brown in the left shoulder. After a struggle, defendant was arrested.

Although assigned a public defender, defendant ultimately retained private counsel. Before new counsel filed a notice of appearance on May 9, 2003, the grand jury heard evidence concerning the charges. An indictment was returned on June 3, 2003, charging defendant with criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, assault in the second degree, resisting arrest, criminal mischief in the fourth degree, criminal possession of a controlled substance in the seventh degree and endangering the welfare of a child.

Defendant dismissed his second attorney in September 2003; new counsel appeared on October 7, 2003. Defendant waived a *Mapp* hearing on October 8, 2003 and, nine days later, entered a plea of guilty to criminal sale of a controlled substance in the third degree and assault in the second degree in full satisfaction of the indictment. He further waived his right to appeal from the conviction and sentence resulting from this plea.

In December 2003, defendant moved to withdraw his plea to the crime of assault in the second degree. He claimed that he was not given the opportunity to testify before the grand jury or consult with counsel during the grand jury proceeding. He contended that it was not factually possible to commit the assault because, among other things, the injuries to Brown occurred as a result of an illegal entry. In support of his motion, defendant submitted an affidavit by Brooks who denied that Brown had identified himself as a police officer and that she had permitted him entry. Defendant further contended that he appeared at the courthouse to testify before the grand jury but that his public defender was not present. Despite his notice to the court that he would be obtaining private counsel, an indictment was voted. County Court denied the motion, prompting this appeal.

The Court of Appeals has observed that "[a] plea of guilty . . . generally marks the end of a criminal case, not a gateway to further litigation" (*People v Hansen,* 95 NY2d 227, 230 [2000]). Moreover, " '[w]here the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely' " (*People v Kemp,* 94 NY2d 831, 833 [1999], quoting *People v Muniz,* 91 NY2d 570, 575 [1998]). Here, the record reveals that County Court engaged defendant in a detailed plea colloquy during which he demonstrated that he was competent to enter a plea and that he had not been subjected to force, duress, coercion or improper conduct. He indicated that he understood the rights he was waiving in entering his plea, admitted to the facts underlying the crimes charged, confirmed that he had discussed his plea with his attorney and expressed satisfaction with counsel's representation. Under these circumstances, there was no viable challenge to the plea (*see People v Kron,* 8 AD3d 908, 908 [2004], *lvs denied* 3 NY3d 708, 758 [2004]; *People v Williams,* 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]).*

Defendant's claim of ineffective assistance of counsel bodes no better since it cannot survive his waiver of the right to appeal. In any event, counsel's failure to move to dismiss the indictment due to the failure to afford defendant an opportunity

---

* The fact that defendant purportedly received information subsequent to his plea that would support a claim of innocence is not determinative. A codefendant's representation to the effect that Brown had not been invited into the residence would merely create a credibility assessment for the jury.

to testify before the grand jury would have been insufficient, by itself, to demonstrate a denial of meaningful representation (*see People v Hoppe*, 244 AD2d 764, 765 [1997], *lv denied* 91 NY2d 973 [1998]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

