■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DAVIS, Appellant. [817 NYS2d 752]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 28, 2003, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) from a judgment of said court (Eidens, J.), rendered June 9, 2004, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Facing a four-count indictment related to his alleged sale of cocaine on November 19, 2002, defendant entered a plea of guilty to a single count of criminal sale of a controlled substance in the third degree in exchange for a promised prison term of 3 to 9 years. Additionally, defendant executed a waiver of his right to appeal and acknowledged, after receiving instructions from County Court and signing a *Parker* admonishment, that his sentence could be enhanced if he was involved in another violation of the law before sentencing. Prior to sentencing, defendant was arrested and indicted for criminal sale and criminal possession of a controlled substance in the third degree, involving the sale of cocaine to an undercover officer. Following an evidentiary hearing, County Court determined that the prosecution established sufficient grounds to enhance defendant's sentence and consequently sentenced defendant to a prison term of 6 to 18 years. Subsequently, with respect to the second indictment, defendant entered a plea to criminal sale of a controlled substance in the third degree in exchange for a prison term of $6^{1}/_{2}$ to $19^{1}/_{2}$ years to run concurrent with the prior sentence. Defendant executed a waiver of his right to appeal and was subsequently sentenced as agreed. Defendant now appeals from both judgments.

We affirm. An agreed-upon sentence may be enhanced if it is appropriately established that the defendant has violated the conditions of the plea agreement (*see People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]; *People v Parker*, 271 AD2d 63, 69 [2000], *lv denied* 95 NY2d 967 [2000]). Here, defendant contends that County Court lacked the authority to impose an enhanced sentence since defendant did not violate any condition of the *Parker* admonishment or the plea bargain agreement. At the time that defendant entered his plea, he acknowledged, in relevant part, that he understood the court's oral instruction that if he were to be involved in the commission of another crime, the sentence could be enhanced. Additionally, defendant executed a written *Parker* admonishment which provided, in relevant part, that "if you violate the law before being sentenced . . . the Court will be free to sentence you to any lawful sentence the Court feels appropriate." Specifically,

defendant asserts that he was never advised that simply being arrested could result in the enhancement of the agreed-upon sentence. It is defendant's position that under the terms of the *Parker* admonishment and plea bargain agreement, the sentence could not be enhanced unless and until it was established beyond a reasonable doubt that he had committed another crime.

Any inconsistency between the terms of the written *Parker* admonishment and the oral instructions of the trial court must be resolved in favor of the defendant (*see Spence v Superintendent, Great Meadow Correctional Facility*, 219 F3d 162, 169 [2000]). Notwithstanding County Court's misstatement regarding the proof necessary to establish a predicate for enhancement of the sentence—"arrest" rather than a "violation of the law" (*see People v Clough*, 306 AD2d 556, 556-557 [2003], *lv denied* 100 NY2d 593 [2003]), we conclude that the testimony of the undercover officer that she purchased cocaine from defendant satisfactorily established that defendant violated the law. Under these circumstances, enhancement of the sentence was proper.

Turning to defendant's argument that his plea of guilty under the second indictment was not voluntary, we note that he did not move to withdraw the plea or to vacate the judgment of conviction. Under these circumstances, any challenge to the voluntariness of the plea has not been preserved for our review (*see People v Booth [I]*, 23 AD3d 766, 767 [2005], *lvs denied* 6 NY3d 846, 849 [2006]; *People v Santalucia*, 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856 [2005]). In any event, were we to reach the issue, we would conclude that defendant's challenge is meritless since the plea colloquy unquestionably establishes that defendant knew and understood the consequences of his plea and that he committed the elements of the offense charged (*see People v Cherry*, 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]). Defendant's present claim of innocence is wholly unsubstantiated, providing no basis upon which to vacate the plea (*see People v Gibson*, 261 AD2d 710, 711 [1999]).

The two remaining contentions of defendant are equally unpersuasive. Defendant's contention that he received the ineffective assistance of counsel at the hearing before County Court to determine whether he had violated the law does not survive his waiver of the right to appeal (*see People v Williams*, 17 AD3d 783, 784 [2005], *lv denied* 5 NY3d 796 [2005]). In any event, the record demonstrates effectiveness as the Public Defender made appropriate objections, conducted meaningful examinations of witnesses and offered a persuasive argument in defendant's favor (*see People v Kyzer*, 21 AD3d 1212, 1213-1214 [2005]).

Finally, defendant's contention that the provisions of the Rockefeller Drug Law Reform Act should be retroactively applied to reduce his sentences (*see* Penal Law § 70.70 [3] [a], [b]) has previously been rejected. The provisions of the law, with an exception not here applicable, are prospective only (*see People v Clinton*, 22 AD3d 887, 888 [2005], *lv denied* 6 NY3d 811 [2006]).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.