STATE of South Dakota, Plaintiff
and Respondent,

v.

William H. CONGER, Jr., Defendant
and Appellant.

No. 12191.

Supreme Court of South Dakota.

Submitted on Briefs Decided
Aug. 10, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent, William J. Janklow, Atty. Gen., Pierre, on brief.

Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant.

MORGAN, Justice.

Appellant Conger was charged, in separate informations, with two counts of third-degree forgery and with being a habitual offender. An agreement was apparently reached whereby, if the appellant would plead guilty to the two charges of third-degree forgery, the state would move to have the habitual offender information dismissed.

At arraignment, the appellant pleaded guilty to both charges of third-degree forgery. The court accepted his pleas of guilty to both charges and asked the appellant if he would like to request a presentence investigation. The appellant declined. Prior to passing sentence the court asked the appellant several questions relating to past offenses charged in the habitual offender information. Appellant was sentenced to two five-year terms to run concurrently.[1]

Appellant contends that the trial court failed to follow the statutory procedure set out in SDCL 23–48–16 through SDCL 23–48–19 [2] in considering matters in mitigation or aggravation of sentence. Appellant contends that a full and separate hearing was required for such questioning and the court was acting improperly in questioning the appellant in this manner. We find appellant's contention and argument to be without merit and affirm the trial court's decision.

Modern concepts of individualizing punishment have placed an increased burden and responsibility upon the sentencing judge to take into consideration a wide variety of circumstances which may vary from case to case. This has compounded the necessity that the sentencing judge not be denied an opportunity to obtain as much pertinent information and background as possible. *Williams v. People of the State of New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The sentencing court has a twofold responsibility, as stated in *Neely v. State of Wisconsin,* 47 Wis.2d 330, 177 N.W.2d 79 (1970):

. . . to the individual found guilty and to the society which criminal laws are intended to protect. Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed.

In determining the type and extent of punishment to be imposed, the sentencing judge may exercise wide discretion with respect to the type of information used as well as its source. He should have full access to the fullest information possible

1. This was the maximum sentence as agreed upon in the plea bargain.

2. SDCL 23–48–16 provides an opportunity for either party to request a special hearing to present information in mitigation or aggravation of sentence. Certain provisions are made for notice and conduct of the hearing.
SDCL 23–48–17 and SDCL 23–48–18 authorize the court to order a presentence investigation

and report, with the defendant's consent, and state what said report shall contain.
SDCL 23–48–19 reads as follows:
No affidavit or testimony or representation of any kind, verbal or written, can be offered to or received by the court in aggravation or mitigation of the punishment, except as provided in §§ 23–48–16 to 23–48–18, inclusive.

concerning the defendant's life and characteristics. *Williams v. People of State of New York,* supra; *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *State v. Rose,* 183 Neb. 809, 164 N.W.2d 646 (1969); *People v. McFarlin,* 389 Mich. 577, 208 N.W.2d 504 (1973); *State v. Delano,* Iowa, 161 N.W.2d 66 (1968); *State v. Myers,* 241 Iowa 670, 42 N.W.2d 79 (1950). Information which should be available to the court includes general moral character, mentality, habits, social environment, tendencies, age, aversion or inclination to commit crime, life, family, occupation, and previous criminal record. *People v. Adkins,* 41 Ill.2d 297, 242 N.E.2d 258 (1968); *People v. Metcalf,* Mich.App., 236 N.W.2d 573 (1975); *State v. Cupples,* 260 Iowa 1192, 152 N.W.2d 277 (1967). Additional considerations are included in *People v. Lee,* 391 Mich. 618, 218 N.W.2d 655 (1974); *People v. Martin,* 393 Mich. 145, 224 N.W.2d 36 (1974); *State v. Etchison,* 188 Neb. 134, 195 N.W.2d 498 (1972); *State v. Tew,* 54 Wis.2d 361, 195 N.W.2d 615 (1972).

█ It is obvious from these and other decisions that the sentencing judge is vested with the authority and burdened with the responsibility to inquire into the various aspects of each defendant's case before sentence is pronounced.

█ Appellant contends that SDCL 23-48–19 [3] precludes the court from obtaining any information except through the means provided in SDCL 23–48–16 through SDCL 23–48–18. If this were the case, the respective parties could prevent the judge from obtaining any information prior to sentencing by not making any offering in aggravation or mitigation of sentence and by refusing a presentence investigation. If the appellant's contention is followed, the sentencing judge, would be required to pass sentence without further inquiry or contemplation, regardless of any misgivings, unanswered questions or unresolved doubts he may have. We find that such a premise is totally contrary to the inquisitive, thorough and flexible nature of our system of justice and we refuse to accept appellant's argument.

█ The methods provided in SDCL 23–48–16 through SDCL 23–48–19 are designed to govern the parties by preventing an ex parte mitigation or aggravation hearing or one with inadequate notice to all parties, and by preventing an extensive search of an individual's private life without his/her consent. The legislature certainly did not intend to foreclose the trial judges in this state from making informed and intelligent decisions as to appropriate sentences for those convicted of crimes against the people of the state of South Dakota. As previously stated, such an action would be clearly contrary to the trend toward individualizing punishment and to the actions of the legislature in granting to the courts flexibility in sentencing.

We affirm the decision of the trial court.

DUNN, C. J., and WOLLMAN and PORTER, JJ., concur.

ZASTROW, J., deeming himself disqualified, took no part in the decision.