599 P.2d 970 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Barry James WILSON, Defendant-Appellant.
No. 78-399.
Colorado Court of Appeals, Division II.
July 26, 1979.
*971 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Gregory Walta, Public Defender, Craig L. Truman, Deputy Public Defender, Denver, Norman R. Thom, Deputy Public Defender, Colorado Springs, for defendant-appellant.
ENOCH, Chief Judge.
Defendant pled guilty to two counts of second degree sexual assault and received a sentence of two concurrent terms of thirty-five to thirty-nine years. He brings this appeal pursuant to § 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), arguing that the sentence is excessive. We agree.
Defendant was charged with numerous counts of sexual assault arising from an incident involving two teenage girls whom he picked up in his van. He initially pled not guilty to the charges. During the trial, however, and after he had testified in his own behalf, new tangible evidence was discovered which contradicted his testimony.
*972 He then decided to plead guilty to two counts of second degree sexual assault as part of a plea bargain, and the other counts were dismissed. After reviewing the presentence report, the trial court imposed the lengthy sentence from which defendant appeals.
Although the trial court has broad discretion in imposing a sentence, that discretion is not carte blanche. People v. Edwards, Colo., 598 P.2d 126 (1979). This court has the responsibility to review sentences if the defendant makes timely and proper appeal under § 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8). We may not, however, modify a sentence unless it appears that the trial court either exceeded its statutory authority or clearly abused its discretion in imposing the sanction. People v. Duran, 188 Colo. 207, 533 P.2d 1116 (1975). See ABA Standards Relating to Appellate Review of Sentences § 3.1.
Our review is based on an inquiry whether the sentence imposed is excessive in light of the purposes of the Criminal Code. People v. Edwards, supra. These purposes are to prevent crime through the deterrent effect of sentencing, to provide for the rehabilitation of a convicted defendant, and to confine a defendant when required for the protection of the public. Section 18-1-102(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8). In addition we must consider "the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it is based." Section 18-1-409(1), C.R.S. 1973 (1978 Repl. Vol. 8). See also ABA Standards Relating to Appellate Review of Sentences § 1.2. Each factor must be weighed "without maximizing the value of any one facet of the case." People v. Duran, supra.
Finally, as noted in People v. Strong, 190 Colo. 189, 544 P.2d 966 (1976), the imposition of a maximum or close to maximum penalty must be supported by sound reasons in the record. Here the crime for which defendant was convicted carried a possible penalty of five to forty years. Thus the sentence of thirty-five to thirty-nine years is in effect a maximum sentence, People v. Strong, supra, and the harshness of the penalty must be justified.
Assessing defendant's sentence against the sentencing standards and a review of the record, we conclude that the court failed to give proper consideration to all the criteria for sentencing. Defendant's prior criminal record consisted of no felonies and only one incident of petty theft. According to the report of the Probation Department, a medical examination of the victims revealed no evidence of penetration. The psychiatrists who examined defendant were of the opinion that he was not dangerous and could be properly supervised on probation. The Probation Department, though it recommended a penitentiary sentence because of the nature of the crime, did not recommend the maximum sentence. Thus, defendant would ordinarily have been sentenced for a term below the maximum in order to promote the rehabilitative goals of sentencing.
It appears from the record, however, that the court's imposition of the maximum sentence resulted because of defendant's denial on the witness stand that he had committed the crime. In announcing the sentence, the court concluded that defendant was dangerous solely on the basis that:
"I think that any man who could see two girls go through a Preliminary Hearing and the trauma they displayed, the absolute devastation to their young lives and their psyche, and then get on the witness stand and lie, and say he didn't do it to them, and making them out to be liars, why, is reprehensible."
We note that a sentencing court may consider a defendant's false testimony as probative of his rehabilitative potential. United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). However, the fact that defendant may have lied under oath is insufficient justification, standing alone, to warrant the imposition of a maximum sentence. People v. Strong, supra. Equal weight must be given to all factors *973 which comprise the goals of sentencing. People v. Duran, supra.
The court's statement, recited above, further suggests that the victims' trauma at trial, as well as defendant's false testimony, in some measure prompted the court to impose the maximum sentence. The court cannot, however, increase the severity of the sentence merely because the defendant pleads not guilty and proceeds to trial on the merits. See ABA Standards Relating to Pleas of Guilty § 1.8(b). United States v. Wiley, 278 F.2d 500 (7th Cir. 1960); United States v. Wiley, 267 F.2d 453 (7th Cir. 1959); People v. Earegood, 12 Mich.App. 256, 162 N.W.2d 802 (1968). Therefore any consideration of the trauma to the victims caused by their having to testify would be error in light of defendant's fundamental right to require the prosecution to prove every element of the case.
The sentences are vacated and the cause is remanded for resentencing.
PIERCE and SMITH, JJ., concur.