STATE of South Dakota, Plaintiff and Appellee,

v.

Clifford Jon DEGEN, Defendant and Appellant.

No. 15268.

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1986.

Decided Dec. 3, 1986.

Catherine E. Mattson-Casteel, Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

Richard D. Coit, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., on the brief.

WUEST, Chief Justice.

In this appeal the sole issue for consideration is whether the trial court abused its discretion when it sentenced Clifford Jon Degen (Degen). We conclude that there was no abuse of discretion and accordingly affirm the judgment.

Degen was charged with third-degree burglary, a Class 4 felony, SDCL 22–32–8, after law enforcement officers responding to a burglar alarm found him hiding in a warehouse. A jury convicted him of entering or surreptitiously remaining in any building or structure (misdemeanor), SDCL 22–35–5. A violation of SDCL 22–35–5 con-stitutes a Class 1 misdemeanor punishable by maximum penalties of one year imprisonment in a county jail or one thousand dollars fine, or both. SDCL 22–6–2(1). The trial court sentenced Degen to one year imprisonment and ordered him to pay a $500 fine.

Degen argues that the trial court abused its discretion by imposing this sentence; he argues that the *only* basis for the trial court's sentencing decision was its disbelief of Degen's testimony about the warehouse incident. He urges the court to follow those cases which remand for resentencing where the only reason noted in the sentencing is perjured testimony. *See People v. Wilson,* 43 Colo.App. 68, 599 P.2d 970 (1979).

We have carefully reviewed the transcript of the sentencing hearing. While the court did state its belief that Degen fabricated his story, the court also considered Degen's prior felony and lifetime of criminal activity, all of which were documented in the presentence report.

" 'Prior convictions may cause a heavier sentence, though the defendant has already "paid" for them. A general course of dissolute, irresponsible, shiftless, or dangerous behavior may be deemed to call for longer incarceration though none of its components are, strictly, "crimes." ' "

*State v. Carsten,* 264 N.W.2d 707, 709 (S.D.1978), quoting Judge Frankel in *United States v. Hendrix,* 505 F.2d 1233, 1235 (2d Cir.1974). In addition, in *Carsten, supra,* this court held that in imposing sentence, a trial court may take into consideration its belief that the defendant testified untruthfully at trial. This factor may be considered by the sentencing judge in addition to numerous other factors such as general moral character, mentality, habits, social environment, tendencies, age, aversion or inclination to commit crime, life, family, occupation, and previous criminal record. *State v. Conger,* 268 N.W.2d 800 (S.D.1978); *State v. Braun,* 351 N.W.2d 149 (S.D.1984). This position is consistent with that of the United States

Supreme Court in *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (A defendant's truthfulness or mendacity while testifying on his own behalf is relevant to sentencing because it is probative of his attitudes toward society and prospect for rehabilitation). *Accord, State v. Huettl*, 379 N.W.2d 298 (S.D.1985).

Consequently, the trial judge did not abuse his discretion. *State v. Phipps*, 318 N.W.2d 128 (S.D.1982).

The judgment is affirmed.

MORGAN, FOSHEIM, and SABERS, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

I concur in this affirmance. The question of proportionality is not at issue. Cruel and inhumane punishment is not urged.

This sentence was within statutory limits and the conscience of this Court should not be shocked. There is no constitutionally infirm sentence.

Furthermore, the trial court did not bear down on the "lying under oath" concept— as if that was entirely controlling; here, the trial court's sentence was based on many considerations, not just alleged perjured testimony. Contained in the presentence investigation report was a showing of fourteen past criminal charges over a period of approximately five years. Several convictions ensued, including a felony conviction for escape.