1996 SD 20

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Justin Lloyd BULT, Defendant and Appellant.**

**No. 19243.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1996.

Decided Feb. 28, 1996.

Mark W. Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, for plaintiff and appellee.

Michael J. Butler of Butler & Nesson, P.C., Sioux Falls, for defendant and appellant.

GILBERTSON, Justice.

[¶ 1] Following this Court's remand for resentencing from a sentence of life imprisonment without the possibility of parole, Justin Bult was sentenced to a term of 300 years for the charge of felony kidnapping and 10 years for the charge of sexual contact with a child, sentences to run concurrently with credit for time served. Bult challenges his sentence on grounds that it constitutes cruel and unusual punishment in violation of the United States and South Dakota Constitutions. For procedural reasons, we reverse and remand with instruction.

## FACTS AND PROCEDURE

[¶ 2] The facts of this case are fully set forth in *State v. Bult*, 351 N.W.2d 731 (S.D. 1984) (*Bult I*) and will not be repeated herein. Bult was convicted at trial of kidnapping and sexual contact with a child. The trial court sentenced him to life imprisonment with no possibility for parole on the kidnapping charge. In *Bult I*, we affirmed the conviction. In that proceeding, Bult did not challenge the severity of his sentence.

[¶ 3] On appeal from a subsequent habeas corpus action, we held that Bult's life sentence shocked the conscience and violated state and federal constitutional prohibitions against cruel and unusual punishment. *Bult v. Leapley*, 507 N.W.2d 325 (S.D.1993) (*Bult II*).

[¶ 4] On remand, the trial court held a full evidentiary hearing in which evidence was presented regarding Bult's potential for rehabilitation. Despite the fact it was not requested by the State, the court again sentenced Bult to life imprisonment without the possibility of parole. We again reversed and remanded with instruction to the sentencing court to impose a term of years. *State v. Bult*, 529 N.W.2d 197 (S.D.1995) (*Bult III*).[1]

[¶ 5] The transcript of Bult's resentencing hearing is set forth below in its entirety.

THE COURT: This matter before the Court is State versus Justin Bult. He is present along with his attorney Mike Butler and Ron Campbell is present representing the State. This is the time and place agreed upon for the resentencing of Mr. Bult on a charge of kidnapping and on a charge of sexual contact.

MR. CAMPBELL: The State has no evidence, your Honor.

THE COURT: Very well. Mr. Butler.

MR. BUTLER: We have no evidence, either, your Honor, beyond that which has been previously submitted to the Court.

THE COURT: Okay. *Well, I am not going to again review all the details of this situation, nor the psychological reports and other documentation in the file.*

---

1. Bult argues that the sentencing court in essence has refused to recognize our decisions in *Bult II* and *Bult III* and has, in reality, for a third time, given Bult a de facto life sentence through a term of years Bult will never outlive. While we do not address this issue on the merits because of the disposition of this case, we recognize that a person's remaining life expectancy can make a term of years and a life sentence synonymous.

*On the charge of kidnapping, I'm going to sentence the Defendant to serve a term of 300 years.*

And on the charge of sexual contact, I'm going to sentence the Defendant to serve a term of 10 years, all of which will run concurrent.

He will be given credit for time served.

MR. BUTLER: Your Honor, I think that the sexual contact sentence has probably already run as a flat time.

THE COURT: That's probably right, but I——you're probably absolutely correct about that, but I thought I would make that clear also. Okay.

Okay. Court is adjourned. Thank you. (emphasis added).

The entire resentencing hearing lasted only sixty seconds.

[¶ 6] Thereafter, Bult filed a *motion for reconsideration on sentencing.* The sentencing court was asked to vacate the 300–year sentence in part because Bult claimed he was denied a "meaningful" sentencing hearing in accordance with the general principles of due process. The sentencing court denied the motion finding the sentence was not defective. Bult appeals to this Court.

## ANALYSIS AND DECISION

[¶ 7] Bult argues his 300–year sentence on the kidnapping charge constitutes cruel and unusual punishment. In *Bult II* and *Bult III,* we examined in detail the law that guides us in analysis of these types of claims. However, to perform our constitutional duties in this area, we need an appropriate record.

[¶ 8] In regard to a sentencing court's duties, we stated in *State v. Pack,* 516 N.W.2d 665, 667 (S.D.1994), that when determining an appropriate sentence, the sentencing court should acquaint itself thoroughly "with the character and history of the man before it." *State v. Ferguson,* 519 N.W.2d 50, 54 (S.D.1994); *State v. Murphy,* 506

N.W.2d 130 (S.D.1993); *State v. Carsten,* 264 N.W.2d 707, 709 (S.D.1978). The court's study should include examination of the defendant's "general moral character, mentality, habits, social environment, tendencies, age, aversion or inclination to commit crime, life, family, occupation, and previous criminal record." *Pack,* 516 N.W.2d at 668; *Ferguson,* 519 N.W.2d at 54; *State v. Degen,* 396 N.W.2d 759, 760 (S.D.1986).

[¶ 9] The sentencing court conducted such an appropriate hearing prior to its sentencing which resulted in *Bult III.* At that hearing, conflicting evidence was presented by experts concerning when Bult's rehabilitation would be sufficiently complete so as to consider parole. The record showed Bult had taken some initial steps within the penitentiary to rehabilitate himself.[2] At the current sentencing hearing which we now review, none of this crucial material was updated to give the sentencing court and this Court a current picture of Bult's progress towards rehabilitation or lack thereof.

[¶ 10] At the sentencing hearing prior to *Bult III,* pursuant to SDCL 23A–27–1.1, Bult's victim gave a detailed victim's impact statement as to how Bult's crime continued to affect her life. She stated she lived in fear of Bult being released and coming after her since she still lived in the same house she did at the time of the crime. However, she indicated she had a serious boyfriend and was contemplating marriage, thus changing her name and moving away from home. At the current sentencing hearing, this impact statement was not updated. We do not know if the victim continues with her fear of Bult or whether she has proceeded with her plans and made a new life for herself elsewhere.

[¶ 11] Further, the sentencing court failed to address Bult and ask him if he and/or his attorney desired to make a statement at the hearing. This is in direct violation of SDCL 23A–27–1. Bult was only asked if he had any "evidence" to present. When this error was brought to the sentencing court's attention

2. For example, Bult listed his accomplishments since incarceration, including obtaining his G.E.D. and attendance at several self-improvement programs within the penitentiary such as a sex-offender treatment program and chemical dependency awareness program, among others. He also demonstrated a good work record at various jobs he has held while incarcerated and has participated in inmate organizations and activities.

on the motion for reconsideration, the court refused to reopen the hearing.

[¶ 12] We have never required a sentencing court to file detailed findings of fact to justify a sentence and we do not do so today. However, the court had an obligation under the precedent cited above to update the presentence reports and the victim's impact statement and any other relevant evidence it felt it needed to fashion an appropriate sentence.[3]

[¶ 13] Before we can determine whether a 300–year sentence shocks the conscience of men generally and the collective conscience of this Court, we must have an adequate record to review, not a stale one void of any current vital information. We conclude Bult did not receive a meaningful sentencing hearing in accordance with our statutes and the general principles of due process.

[¶ 14] This crime was committed in 1983. Despite the fact this is the fourth appeal to this Court over this conviction and the third concerning sentencing, we still do not have a constitutionally valid sentence in place. The victim, the defendant, and the public are entitled to finality. We reverse and again remand for resentencing in accord with our statutes and constitutional principles to the Presiding Circuit Judge of the Third Judicial Circuit for assignment of this case to a judge within that circuit who has not previously been involved in this case.

[¶ 15] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.

---

**3.** Not all the fault can be laid upon the sentencing court. The State and defense counsel certainly have access to material from the penitentiary and Bult himself which would have assisted the court. However, when asked if they had any evidence to present, both answered in the negative.