#25683-a-DG

**2011 S.D. 45**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MATT ONNEN,                                        Appellant,

 v.

SIOUX FALLS INDEPENDENT
SCHOOL DISTRICT #49-5,                    Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WILLIAM J. SRSTKA, JR.
Judge

\* \* \* \*

JOHN R. PEKAS
Sioux Falls, South Dakota
 and
ROLLYN H. SAMP of
Samp Law Firm
Sioux Falls, South Dakota                    Attorneys for appellant.

ANTHONY M. HOHN
SANDRA HOGLUND HANSON of
Davenport, Evans, Hurwitz
 & Smith, LLP
Sioux Falls, South Dakota                    Attorneys for appellee.

\* \* \* \*

ARGUED APRIL 26, 2011

OPINION FILED **08/03/11**

GILBERTSON, Chief Justice.

[¶1.]     Matt Onnen was terminated from an administrative position at Southeast Technical Institute (STI), an entity of the Sioux Falls School District.  He appealed the decision, arguing that it was arbitrary and capricious and an abuse of discretion.  The trial court, Judge William J. Srstka, Jr., affirmed the decision to terminate.  Onnen appeals Judge Srstka's determination.  Onnen also alleges that Judge Srstka was biased in the proceedings and should have granted his motion for a new trial.  We affirm.

## FACTS

[¶2.]     Onnen began working for STI in 2003.  In August 2005, he was hired as STI's registrar under a written contract.  He continued his employment under annual written contracts.  As registrar, Onnen was responsible for ensuring students met all the graduation requirements before receiving a degree.

[¶3.]     Onnen's supervisor, Jim Rokusek, was informed in August 2007 that a student had received a degree despite failing to meet all of the graduation requirements.  After investigation, Rokusek discovered that 12 additional students had improperly received degrees and STI's records incorrectly reflected that the students were graduates.  Thereafter, Rokusek met with Onnen and others to discuss the degree errors.  Onnen admitted he knew as early as June 2007 that six or seven degrees had been sent out incorrectly and that he had personally issued three of them.  A work-study student sent out the other degrees while Onnen was on annual leave.  Onnen denied knowing of any other improperly conferred degrees.  Onnen said that he had called some of the students who received an improperly

conferred degree to inform them they had not graduated, but he did not keep a list of who he reached. Onnen admitted that he had not informed his superiors of the errors. As a result, STI suspended Onnen for three days with pay so that STI could conduct a more thorough investigation. Onnen was given a memorandum stating that he had a right to prepare a written response to the suspension, which he did not do.

[¶4.] During Onnen's suspension period, STI commenced an investigation to determine the scope of degree errors and how to address the problem. STI officials found that 15 more improperly conferred degrees or diplomas were approved and awarded by Onnen the previous year, bringing the total to 28. They also discovered 40-50 students were entitled to a degree or diploma, but had not received one. Finally, they found out that over 250 students had not been verified for graduation at all, though the task should have been done months earlier.

[¶5.] Personnel from STI met to discuss the investigation results. Due to the magnitude of Onnen's errors, his refusal to take responsibility for the errors, and lack of effort to rectify the situation, they agreed Onnen should be terminated. On August 30, 2007, Onnen was given a Notice of Termination of Employment, effective immediately. The Notice outlined the investigation results and explained the severity of the errors and negative effect they could have on STI and its students. The Sioux Falls School Board (Board) affirmed the decision on September 10, 2007. On September 17, 2007, Onnen submitted a complaint to Sioux Falls School District #49-5 (District) Superintendent Dr. Pamela Homan, alleging that he had been wrongfully terminated. Onnen appealed the District's and Board's

decision of termination to circuit court. He argued that the decision to terminate him was arbitrary and capricious and in violation of public policy. He also argued that the procedure utilized by the District in terminating him was illegal. After a three-day trial, Judge Srstka affirmed the District.

[¶6.] After trial, Onnen moved for a new trial and for Judge Srstka's recusal from hearing the motion for a new trial. Presiding Judge Kathleen Caldwell denied Onnen's motion for Judge Srstka's recusal from hearing the new trial motion. Ultimately, Judge Srstka denied Onnen's motion for a new trial.

[¶7.] On appeal, the issues presented are:

1.  Whether Judge Srstka erred in concluding that the District's decision was not arbitrary and capricious, or an abuse of discretion.

2.  Whether Judge Srstka abused his discretion in denying Onnen's motion for a new trial because of his alleged bias.

## STANDARD OF REVIEW

[¶8.] SDCL 13-46-6 allows a party to appeal a school board decision:

The trial in the circuit court shall be de novo according to the rules relating to special proceedings of a civil nature so far as such rules are applicable and not in conflict with the provisions of this chapter and the court shall enter such final judgment or order as the circumstances and every right of the case may require and such judgment or order may be enforced by writ of execution, mandamus, or prohibition, or by attachment as for contempt.

In *Blondo v. Bristol School District #18-1*, we explained that "[d]espite the 'de novo' language of this statute, this Court has long held that the standard of review is not that traditionally used in an ordinary trial de novo. Instead, great deference is given to the good faith determinations of school boards whether to renew a teacher's

contract." 2007 S.D. 8, ¶ 11, 727 N.W.2d 306, 309 (citing *Wuest v. Winner Sch. Dist.*

*59-2*, 2000 S.D. 42, ¶ 12, 607 N.W.2d 912, 915; *Jager v. Ramona Bd. of Educ.*, 444

N.W.2d 21, 25 (S.D. 1989)). Furthermore, we have repeatedly stated that:

> The circuit court's review is not a trial de novo in the ordinary sense of the phrase. School boards are creatures of the Legislature and the judiciary may not interfere with their decisions unless the decision is made contrary to law. Therefore, as long as the school board is legitimately and legally exercising its administrative powers, the courts may not interfere with nor supplant the school board's decision making process. Only the legality of the decision, not the propriety of the decision, may be reviewed by the courts. The legality of a school board's decision is determined by a two-prong review. First, the procedural regularity of the decision is reviewed. This review includes whether the school board was vested with the authority to act and whether all procedural requirements required by law were followed. Second, the school board's decision is reviewed to determine whether the decision was arbitrary, capricious or an abuse of discretion.

*Hicks v. Gayville-Volin Sch. Dist.*, 2003 S.D. 92, ¶ 10, 668 N.W.2d 69, 73 (citing

*Gauer v. Kadoka Sch. Dist. No. 35-1*, 2002 S.D. 73, ¶ 5, 647 N.W.2d 727, 730).

## ANALYSIS

[¶9.] **1. Whether Judge Srstka erred in concluding that the District's decision was not arbitrary and capricious, or an abuse of discretion.**

[¶10.] Judge Srstka found that Onnen was an at-will employee and was not

part of any bargaining unit. Onnen argues that he was not an at-will employee

because he had an employment contract for a specified term. As part of his

argument that he was not an at-will employee, Onnen contends that Judge Srstka

misapplied SDCL 60-4-4, which provides: "An employment having no specified term

may be terminated at the will of either party on notice to the other, unless

otherwise provided by statute." Onnen argues that SDCL 60-4-4 means that "a specified term is all that is needed by the plain language of the statute to take the employment out of the at will category."

[¶11.]    In this case, it is not necessary to determine whether Onnen was an at-will employee, because even if he is correct, his employment contract allowed him to be terminated for cause. It provides in part:

> Employee agrees to devote his/her utmost skill to the performance of the duties to be assigned by the District . . . and in all respects to faithfully comply with, obey and enforce all of the policies, rules and regulations of the District. . . . The parties acknowledge that the District may terminate or suspend Employee's employment, or discipline Employee, all as provided by South Dakota statute, by the policies and regulations of District, and/or by the negotiated agreement of any employee group authorized to enter into collective bargaining for Employee. Any such termination, discharge or discipline may result in the discontinuance or suspension of compensation to the Employee.

[¶12.]    Judge Srstka concluded that the District had cause to terminate Onnen. Judge Srstka found that "[t]he unofficial transcripts of the students who had failed classes or not completed classes and were still awarded diplomas or degrees despite not meeting graduation requirements support the school board's decision to dismiss Onnen." Further, he found that Onnen's own documents purporting to track diplomas and degrees "show inconsistencies and incomplete work by Onnen." Judge Srstka also found that Onnen did not inform his supervisor of the errors. Based on these findings, Judge Srstka concluded that the "[Board's] decision was not arbitrary, capricious or an abuse of discretion" and "there is relevant and competent evidence showing support for the action taken."

[¶13.] Onnen agreed in his employment contract "to devote his utmost skill to the performance of the duties to be assigned by the District . . . and in all respects to faithfully comply with, obey and enforce all of the policies, rules and regulations of the District." The findings support the District's contention that it had cause to terminate Onnen because he failed to comply with this contractual requirement. Onnen has not shown any of Judge Srstka's findings to be clearly erroneous. We therefore affirm this issue.

***Onnen Was Not Denied Procedural Due Process***

[¶14.] Onnen argues he was denied procedural due process when he was terminated because SDCL 13-39-65 required that he be given 60 days' notice before termination. SDCL 13-39-65, which is in the chapter governing vocational and technical education, provides:

> The continuing contract provisions set forth in §§ 13-43-9.1 to 13-43-11, inclusive, do not apply to any person employed in a public postsecondary technical institute. At least sixty days prior to the termination of an employee in a postsecondary technical institute, the governing board shall notify in writing the employee of such termination.

Specifically, Onnen argues the statutes referenced in SDCL 13-39-65 have been repealed and are therefore a nullity. He urges this Court to consider only the second sentence of the statute.

[¶15.] Judge Srstka noted that the provisions set forth in SDCL 13-43-9.1 to -11 were repealed in 1995. They related to notice to tenured teachers of intent not to renew contracts, availability of evaluation files, circumstances after notice, evaluation, and notice of deficiencies. Judge Srstka found that the statutes

referenced only applied to teachers. Reading the statutes *in pari materia*, he said "it appears that SDCL 13-39-65 was also intended to apply only to teachers." Further, "if 60 days' notice [was] required to terminate any at-will employee, such as a registrar, secretary, janitor, and others, the meaning of at-will employment in the context of employment at a technical school such as STI would be completely obliterated." Consequently, Judge Srstka found that SDCL 13-39-65 did not apply to Onnen. In the alternative, he found that even if SDCL 13-39-65 did apply, Onnen would not be entitled to relief by reinstatement.

[¶16.] We agree. To determine legislative intent, this Court will take other statutes on the same subject matter into consideration and read the statutes together, or in *pari materia. Loesch v. City of Huron*, 2006 S.D. 93, ¶ 8, 723 N.W.2d 694, 697. We have recognized:

> The object of the rule of *pari materia* is to ascertain and carry into effect the intent of the legislature. It proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. For purposes of determining legislative intent, we must assume that the legislature in enacting a provision has in mind previously enacted statues relating to the same subject matter. As a result, the provision should be read, if possible, in accord with the legislative policy embodied in those prior statutes.

*Id.* (citing *State v. Chaney*, 261 N.W.2d 674, 676 (S.D. 1978)). Although the statutes referenced in SDCL 13-39-65 have been repealed, they do indicate the legislative intent at the time the statute was enacted. As Judge Srstka noted, those statutes related exclusively to teachers. Reading the statute as a whole, the only conclusion

-7-

is that SDCL 13-39-65 governed notice only to teachers. Because Onnen was not a teacher at STI, he was not entitled to 60 days' notice before termination.

[¶17.] **2. Whether Judge Srstka abused his discretion in denying Onnen's motion for a new trial because of his alleged bias.**

[¶18.] "The decision to grant a new trial is left in the sound judicial discretion of the trial court" and the "decision will not be disturbed absent a clear showing of abuse of discretion." *Sherburn v. Patterson Farms, Inc.*, 1999 S.D. 47, ¶ 8, 593 N.W.2d 414, 416. Onnen moved for a new trial based on "ex parte communications Judge Srstka had received from a major witness [Rokusek] for the Defendant." Rokusek posted a message on Judge Srstka's Facebook page wishing him a happy birthday in Czech. The Facebook post occurred while this case was pending but before Rokusek testified. Onnen also argues that Judge Srstka should have recused himself because two relatives within the third degree of relationship were employees of the District.

[¶19.] Onnen's motion for Judge Srstka's recusal from hearing his motion for a new trial was denied by Presiding Judge Caldwell. Judge Caldwell found that Onnen had already submitted to Judge Srstka's jurisdiction, that Onnen had waived the right to request recusal, and that Onnen's "allegations regarding Facebook usage or distant relatives . . . do no rise to a level that would require recusal of a judge from hearing a case." Onnen did not appeal Judge Caldwell's decision.

[¶20.] Judge Srstka then heard and denied Onnen's motion for a new trial. He noted that he was not biased by any ex parte communication by Rokusek

wishing him a happy birthday on his Facebook page. Judge Srstka also stated he was not affected by his relative working for the school district, as she was a teacher at an elementary school and had no interest in the case. He indicated he did not know of a second relative working for the District.

### *Ex Parte Communication*

[¶21.]     The District argues that the Facebook post was not, by definition, an "ex parte communication" because it was not related to any court action. Rather, it was only incidental contact between Judge Srstka and a witness and was not related to the case itself. The District is correct. Canon 3(B)(7) of the Code of Judicial Conduct provides that a "judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties *concerning a pending or impending proceeding . . . .*" SDCL 16-2-appx-c3(B)(7) (emphasis added). The plain language of Canon 3(B)(7) indicates that ex parte communications are a violation of the Canon when they concern "a pending or impending proceeding" and are not otherwise allowed. Onnen makes no allegation that the Facebook post in any way concerned his proceeding.

[¶22.]     Even if the Facebook post was considered an ex parte communication, Onnen still cannot demonstrate that it warrants a new trial. In *State v. Thorsby*, 2008 S.D. 100, 757 N.W.2d 300, we considered an ex parte communication allegation where a clerk improperly placed a note in the defendant's file regarding her conduct towards the clerk. The note amounted to an ex parte communication to the judge. *Id.* ¶ 13, 753 N.W.2d at 304. We stated that "where an ex parte communication is not invited or initiated by the judge, reversible error occurs only if

the adverse party is prejudiced by an inability to rebut the facts communicated and if improper influence appears with reasonable certainty." *Id.* (citing *O'Connor v. Leapley*, 488 N.W.2d 421, 423 (S.D. 1992)).

[¶23.]    In this case, Judge Srstka did not invite or initiate the Facebook post by Rokusek. Judge Srstka noted that the post was only one of many and that he did not personally know Rokusek. Furthermore, Judge Srstka did not connect the post to Rokusek even after he testified. Judge Srstka also stated that "Rokusek's message is not related to this case, and it did not affect my decision-making, as I did not know it occurred." The post did not relate to any facts regarding the case and certainly not to any facts Onnen would need to rebut. Also, there is no indication in the record that Judge Srstka was improperly influenced by the post.

### Judge Srstka Was Not Required to Disqualify Himself Because of Relatives

[¶24.]    Onnen argues that Judge Srstka should have disqualified himself pursuant to Canon 3(E)(d)(iii) of the South Dakota Code of Judicial Conduct, which provides in part:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . the judge or the judge's spouse, or a person within the third degree of relationship to either of them or the spouse of such a person . . . is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding, but the judge shall disclose such de minimis interest to the parties[.]

SDCL 16-2-appx-c3(E)(d)(iii). Onnen, citing *Olson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 51 F.3d 157, 159 (8th Cir. 1995), states that "when a person is in the judicial position of finding the facts and interpreting the law, non-disclosure of

matters that must be disclosed pursuant to the applicable rules is a showing of evident partiality by that person, especially when that non-disclosure 'creates an impression of possible bias.'"

[¶25.]    We have previously stated that "the decision to preside over a case is addressed to the sound discretion of the trial judge." *Hickmann v. Ray*, 519 N.W.2d 79, 80 (S.D. 1994) (citing *State v. Lohnes*, 432 N.W.2d 77, 80 (S.D. 1988)). "The judge is entitled to consult his own mind and he, perhaps better than anyone else, knows whether or not he can give a party a fair and impartial trial in every way." *Id.* (citing *Tri-State Refining v. Apaloosa Co.*, 452 N.W.2d 104, 107 (S.D. 1990)). Judge Srstka unequivocally stated that he was not affected by the casual greeting from Rokusek or his family member's employment as a kindergarten teacher. Furthermore, Judge Srstka stated: "I gave the parties a fair and impartial trial, and a new trial is not warranted." Additionally, Judge Srstka's sister-in-law was one of approximately 3,500 District employees and not in a management position. Onnen has not shown how this connection could even be considered de minimis. We conclude that Judge Srstka did not abuse his discretion in denying Onnen's motion for a new trial.

## CONCLUSION

[¶26.]    Because there was cause to terminate Onnen, the decision was not arbitrary and capricious or an abuse of discretion. Onnen was not denied procedural due process when he was terminated. Finally, Judge Srstka did not abuse his discretion in denying Onnen's motion for a new trial. We affirm.

[¶27.]       KONENKAMP, ZINTER and SEVERSON, Justices, and

MEIERHENRY, Retired Justice, concur.